# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREW WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-CV-0389-CVE-CDL |
| v. | ) | |
| | ) | |
| AMERICAN LEGION DEPARTMENT | ) | |
| OF OKLAHOMA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Court has for its consideration defendant American Legion Department of Oklahoma, Inc.'s (ALDO) motion to dismiss (Dkt. # 5), ALDO's motion for default judgment (Dkt. # 11), ALDO's motion for hearing regarding its motion to dismiss and motion for default judgment (Dkt. # 14), and plaintiff Andrew Wright's motion for preliminary injunction (Dkt. # 12).

## I. BACKGROUND

In its motion to dismiss, ALDO argues that the Court does not have subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted. Plaintiff filed his complaint on August 6, 2020. In it, he presented all his factual allegations and claims for relief in one sentence:

> The Defendant American Legion Department of Oklahoma has deprived the Plaintiff Andrew Wright of First Amendment rights to petition the government by its retaliation against the Plaintiff and others for filing a civil suit in the State Courts and Fifth Amendment due process rights by unlawfully expelling him from the American Legion after over twenty years of membership without due process.[1]

---

[1] Plaintiff's allegations are set forth herein as they appear in his filings.

Dkt. # 2. While it is certainly not clear from the face of the complaint what exactly plaintiff is alleging, it appears that he was a member of the federally chartered national American Legion (American Legion) for over twenty years and that he was expelled. That expulsion, he alleges, violated his Fifth Amendment right to due process. Moreover, it also appears that plaintiff brought a state court action against defendant or American Legion at some point, and plaintiff believes that defendant or American Legion retaliated against him in some way for doing so. This retaliation, plaintiff alleges, violated his First Amendment right to petition the government for redress of grievances. Plaintiff sued ALDO, not the American Legion. Plaintiff asserts that this Court has federal question jurisdiction to hear his case pursuant to 28 U.S.C. § 1331[2] and the Administrative Procedures Act (APA).

On August 28, 2020, defendant filed its motion to dismiss. In it, defendant argues that the Court lacks subject matter jurisdiction for four interrelated reasons:

> (1) no federal question jurisdiction due to the Defendant being chartered under state law rather than federal law, (2) no federal jurisdiction due to the Defendant being the state-level counterpart to the federally-chartered national American Legion, (3) no federal question jurisdiction over the due process allegations because there is no state action, and (4) no federal question jurisdiction over the APA claim because the Defendant is not subject to the APA.

Dkt. # 5, at 3. Accordingly, defendant concludes, the Court should dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Defendant also argues that the Court should dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) because plaintiff failed to state a claim upon which relief can be granted. Specifically, defendant argues that plaintiff failed to allege that defendant, a private corporation

---

[2] There is no diversity jurisdiction as both parties are Oklahoma citizens.

incorporated in the State of Oklahoma, acted under color of state law, which is required to state a claim under 42 U.S.C. § 1983. Dkt. 5, at 5-6.

Plaintiff did not file a response to the motion to dismiss. In a separate motion for entry of default final judgment (Dkt. # 11), defendant argued that plaintiff's failure to respond to its motion to dismiss entitled defendant to an entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). The Court disagrees. First, the proper motion for ALDO to have filed would have been a motion for confession of judgment. *See* LCvR 7.2(f).[3] Rule 55 applies only to parties "against whom a judgment for affirmative relief is sought." Fed. R. Civ. P. 55(a). Defendant did not assert a claim against plaintiff. Thus, Rule 55 is inapplicable here.

But more importantly, this Court is not permitted to dismiss the complaint simply because plaintiff failed to respond to ALDO's motion to dismiss. Issa v. Comp USA, 354 F.3d 1174, 1177–78 (10th Cir. 2003). Indeed, "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." Id. at 1178 (citing McCall v. Pataki, 232 F.3d 321, 322–23 (2nd Cir.2000)). Accordingly, the Court will evaluate the allegations in plaintiff's complaint irrespective of his failure to respond to defendant's motion. Cato v. Hargrove, Case No. 19-CV-0087-GKF-FHM, 2020 WL 2748485, at *2 (N.D. Okla. May 27, 2020) ("Even though plaintiff did not respond to the dismissal motion, this Court must consider whether the allegations in the amended complaint are sufficient to withstand defendants' motion." (citing Issa, 354 F.3d at 1178)). Thus, defendant's motion for default judgment (Dkt. # 14) is denied.

---

[3] Local Civil Rule 7-1(e) states that "at the discretion of the Court, any non-dispositive motion which is not opposed within twenty-one days may be deemed confessed." Here, defendant's motion to dismiss is a dispositive motion.

3

## II. DISCUSSION

### A. Legal Standards

ALDO moves to dismiss under Rule 12(b)(6) for failure to state a claim and under 12(b)(1) for lack of subject matter jurisdiction.

The Court's function in ruling on a Rule 12(b)(6) motion is not to weigh the evidence that the parties might present at trial, but to assess whether the plaintiff's complaint is legally sufficient to state a claim upon which relief may be granted. Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 757 F.3d 1125, 1135 (10th Cir. 2014). A complaint is legally sufficient only if it contains factual allegations such that it states a claim to relief that "is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

On a Rule 12(b)(1) motion, the party invoking the court's jurisdiction bears the burden of establishing that jurisdiction exists. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005). Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction. Id. at 919.

In applying these standards, the Court is mindful that plaintiff proceeds pro se. While pro se pleadings must be liberally construed and held to less stringent standards than pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); United States v. Pinson, 584 F.3d 972, 975 (10th Cir. 2009); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the

liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

### B. Failure to State a Claim (Rule 12(b)(6))

As described above, plaintiff alleges that ALDO violated his First Amendment right to petition his government and his Fifth Amendment right to due process. Because it is axiomatic that the constitution's protections apply only to governmental actors, "[t]he fundamental inquiry is whether [ALDO] is a governmental actor to whom the prohibitions of the Constitution apply." San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 (1987). "Although most state action cases arise in the context of the Fourteenth Amendment and involve claims that actors have attributes of state or local government entities, the same principles apply to analysis of the line between private activities and the federal government." 1 William J. Rich, Modern Constitutional Law § 4:2 (3d ed.). This was on display in San Francisco Arts.

In San Francisco Arts, San Francisco Arts & Athletics, Inc. (SFAA), attempted to promote the "Gay Olympic Games," "using those words on its letterheads and mailings and in local newspapers." 483 U.S. at 525. Under federal law, the United States Olympic Committee (USOC), a federally chartered corporation, had the right to prohibit certain commercial and promotional uses of the word "Olympic" and various Olympic symbols. Id. at 526. When the USOC became aware of SFAA's attempt to use the word "Olympic" in its promotion, it moved for an injunction. Id. at 527. The district court granted the injunction, the court of appeals affirmed, and the Supreme Court granted certiorari. Much of the opinion focused on statutory interpretation and whether Congress granted the USOC anything more than a normal trademark in the word "Olympic." Id. at 528. But SFAA also argued that the USOC enforced its rights in a discriminatory manner in

5

violation of the Constitution, so the Court had to evaluate whether the USOC was a government actor. Id. at 542.

The Court held that the USOC was not a state actor. It reasoned that a congressional charter alone did "not render the USOC a Government agent." Id. at 543. The Court further reasoned that "[a]ll corporations act under charters granted by a government, usually by a State. They do not thereby lose their essentially private character." Id. at 543-44. In its analysis, the Court relied on principles first articulated in Fourteenth Amendment cases involving claims that the defendants in those cases had attributes of state or local government entities. It noted that the USOC did not perform functions that were "'traditionally the exclusive prerogative' of the federal government," id. at 544 (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974)), nor did the government "exercise[] coercive power" over the USOC. Id. at 546 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). The Court thus concluded that "[b]ecause the USOC is not a governmental actor, SFAA's claim that the USOC has enforced its rights in a discriminatory manner must fail." Id. at 547.

The Court here follows the reasoning of San Francisco Arts and holds that ALDO is not a governmental actor. Like the USOC in San Francisco Arts, American Legion is a congressionally chartered corporation. American Legion was established by federal statute pursuant to 36 U.S.C.

21701[4] and is one of over ninety congressionally chartered corporations in title 36 of the United States Code. These corporations are "nonprofit organizations that have as their purpose the promotion of patriotic, charitable, educational, and other eleemosynary activities." Cong. Rsch. Serv., RL30340, Congressionally Chartered Nonprofit Organizations ("Title 36 Corporations"): What They Are and How Congress Treats Them, at 1 (June 17, 2011). But, importantly, these corporations are not government agents. San Francisco Arts, 483 U.S. at 543. Thus, American Legion and ALDO are private corporations.

"Where a litigant seeks to hold a private actor accountable as a state actor for constitutional deprivations, [the Tenth Circuit has] applied various analyses and referred to them as the 'nexus test,' the 'public function test,' the 'joint action test,' and the 'symbiotic relationship test.'" Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., 956 F.3d 1228, 1235 (10th Cir. 2020) (quoting Wittner v. Banner Health, 720 F.3d 770, 775 (10th Cir. 2013)). "At the heart of each test is 'whether the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" Id. (quoting Wasatch Equal v. Alta Ski Lifts Co., 820 F.3d 381, 387 (10th Cir. 2016)). Here, plaintiff has not provided any allegations that could lead the Court to believe

---

[4] Plaintiff sued ALDO rather than the federally chartered American Legion, which was established by federal statute pursuant to 36 U.S.C. § 21701. To be sure, ALDO was incorporated under the laws of Oklahoma (Dkt. # 5-1). But the parties have not provided any guidance to the Court regarding the relationship between the federally chartered American Legion and its various branches throughout the states. In 36 U.S.C. § 21704(4), the American Legion is granted the power to "establish State and territorial organizations and local chapters or post organizations," and in § 21705, Congress granted American Legion and its "local subdivisions" the exclusive right to use the name American Legion. Thus, it is clear that American Legion has the authority to establish a local chapter in Oklahoma and that Congress considers such chapters "subdivisions" of the federally chartered organization. The Court could not find any cases where a federally chartered corporation was found to be a government actor but its local subdivision created under state law was not. Fortunately, that issue need not be resolved here, as the Court holds that not even the federally chartered American Legion is a government actor.

7

American Legion's (or ALDO's) actions are fairly attributable to the federal government or the State of Oklahoma. Thus, plaintiff's claims that ALDO violated his First Amendment rights to petition the government and his Fifth Amendment claim that defendant violated his due process rights by unlawfully expelling him from its organization is subject to dismissal for failure to state a claim. The motion to dismiss (Dkt. # 5) is granted.

### C. Lack of Subject Matter Jurisdiction (Rule 12(b)(1))

"Federal Courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) (citing Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994)). Here, plaintiff asserts that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and the APA. However, as discussed above, the Court is dismissing plaintiff's constitutional claims against defendant for failure to state a claim. Thus, plaintiff can no longer properly invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.

This is so even if plaintiff were to amend his complaint to name American Legion as a defendant rather than just ALDO. Federal courts cannot exercise jurisdiction over a federally chartered corporation based solely on the fact that it was incorporated under an act of Congress. See 28 U.S.C. § 1349 ("The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock."); see also 1 Federal Procedure, Lawyers Edition § 1:355 (stating that before 1925, "a suit by or against a corporation chartered by an act of Congress was one arising under a law of the United States" because it owed its creation to a federal statute and derived "all of its capacity, faculties, and powers from that same source," but "[i]n 1925, Congress enacted a statute, presently codified as 28 U.S.C.A. § 1349,

8

which provides that federal district courts do not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an act of Congress unless the United States is the owner of more than one-half of its capital stock."). The United States does not own more than one-half of American Legion's capital stock because, as defendant states, American Legion "is a non-stock organization and, therefore, it is impossible for the United States (or any other person or entity) to own half of its capital stock." Dkt. 5, at 3-4.

Plaintiff also cannot invoke this Court's jurisdiction under the APA. To be sure, "final agency action[s] for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. However, neither ALDO nor American Legion is an "agency" under the APA. See 5 U.S.C. § 551(1) ("'agency' means each authority of the Government of the United States . . . ."). As discussed above, ALDO is a private corporation incorporated under the laws of Oklahoma, and American Legion is a private corporation established by federal statute.

Finally, even though plaintiff does not assert the Court's diversity jurisdiction under 28 U.S.C. § 1332, such basis is not available to him even upon amendment of his complaint. ALDO is incorporated under the laws of Oklahoma, and therefore, is a citizen of Oklahoma. See 28 U.S.C. § 1332(c)(1). Plaintiff is also, presumably, a citizen of Oklahoma. Thus, complete diversity does not exist, and "[d]iversity jurisdiction requires complete diversity," which means that "no plaintiff may be a citizen of the same state as any defendant." Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015). Moreover, plaintiff similarly could not invoke the Court's diversity jurisdiction against American Legion because federally created corporations "are not citizens of any state for purposes of diversity jurisdiction." 1 Federal Procedure, Lawyers Edition § 1:169 (citing cases); see also Harris v. American Legion, 162 F. Supp. 700, 712 (S.D. Ind. 1958) (dismissing case in favor of American Legion for lack of diversity jurisdiction because as a

federally chartered corporation American Legion was "not a citizen of any state for jurisdictional purposes").

D. Leave to Amend

"[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)). Allowing plaintiff an opportunity to amend would be futile here. The only claims that plaintiff alleges are constitutional claims, but neither ALDO nor American Legion is a government actor. Plaintiff cannot cure this lack of an essential element of his constitutional claims. Further, as described above, even upon amendment, plaintiff cannot invoke the Court's diversity jurisdiction. Finally, plaintiff was given a chance to respond to defendant's motion to dismiss and proffer an argument as to why defendant should be considered a government actor, but he decided not to do so. And to date, plaintiff has not asked this Court for leave to amend his complaint. Thus, the Court will not give plaintiff leave to amend and will dismiss his complaint with prejudice.[5]

**IT IS THEREFORE ORDERED** that defendant American Legion Department of Oklahoma, Inc.'s motion to dismiss (Dkt. # 5) is **granted**. Plaintiff's complaint is **dismissed with prejudice**.

---

[5] If plaintiff disagrees with the Court's conclusion and believes amendment would not be futile, he can file a motion under Rule 59 or Rule 60. See Curley, 246 F.3d at 1284 ("A litigant whose complaint has been dismissed with prejudice could file a motion to alter or amend the judgment under Rule 59(e) or for relief from the judgment under Rule 60(b)").

**IT IS FURTHER ORDERED** that defendant's motion for default judgment (Dkt. # 11), and motion for hearing (Dkt. # 14) are **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Dkt. # 12) is **denied** as moot.

A separate judgment of dismissal will be entered herewith.

**DATED** this 14th day of July, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE